[Crim. No. 2795. Second Appellate District, Division Two.—December 4, 1935.]

THE PEOPLE, Respondent, v. JOSEPH PHILLIPS, Appellant.

M. G. Phillips and John S. Cooper for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

CRAIL, P. J.—This is an appeal from a conviction of extortion and from an order denying a motion for a new trial.

Taking the evidence in the light most favorable to the successful party in the trial court, which it is our duty to do, it appears that defendant was a bond broker with his office "right here next door" to the Central Police Station. The prosecuting witness, a Mexican named Hernandez, had been arrested and detained in custody by two police officers, but he had not been charged with any crime; no warrant for his arrest had been issued and no complaint of any kind had been filed against him. Defendant was informed by one of his solicitors about the above Hernandez, including the fact that the officers had nothing on him and that he was to be released, or as it was termed, "a kick-out". Defendant thereupon rounded up the wife and daughter of Hernandez and took them over to the jail to see him, and did not convey to him the information that he was to be released,- but, on the contrary, told him that he was in a "mess" and that defendant could get him out of jail that very day for $250. While, of course, the term "mess" was a vague way in which to convey the idea that Hernandez had committed a crime, yet the more vague and general the language used, the better it would subserve the purposes of defendant in magnifying the fears of Hernandez. But defendant did not stop at this point; he told the prosecuting witness that he knew he could make the right contacts and he could set Hernandez free in no time, and that Hernandez had better consent to do business with him if he did not want to stay in jail until the following Monday or Tuesday. This was not said with respect to furnishing a bond, and, taken in connection with the facts above set forth, constituted an implied threat to hold Hernandez in jail if he did not. Finally Hernandez consented to defendant's terms and after a while Hernandez was released from jail and directed to defendant's office. As he was entering the office of defendant, he saw the officers, who had arrested him, leaving the office. Hernandez gave defendant $50 cash and the pink slip for his Buick automobile. No bond was furnished, for there was no charge against Hernandez. He consented to deliver his property to defendant because of his fear of defendant's threat to hold him in jail if he did not.

 The first contention of defendant is that the evidence is insufficient to justify a conviction. We find that there is substantial evidence in the record to sustain the implied findings of the jury. We do not set out the evidence herein upon

which we rely for this conclusion for the reasons stated in *Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].

■ Defendant further contends that the verdict and decision were contrary to law and to the evidence. He states the same contention more intelligibly as follows: "As a matter of law the facts do not constitute the crime of extortion . . . " For the purposes of this case, extortion is the obtaining of property from another with his consent, induced by a wrongful use of fear (Pen. Code, sec. 518), and such fear may be induced by a threat to do an unlawful injury to the person of the individual threatened (Pen. Code, sec. 519). A threat to imprison another is a threat to do an injury to his person (*People* v. *Sanders*, 188 Cal. 744 [207 Pac. 380]), and a threat to detain him in prison without any ground is a threat to do an unlawful injury to his person. We are satisfied that there is substantial evidence, when taken in the light most favorable to the successful party at the trial, to sustain the implied findings of the jury as to every essential element of extortion.

The judgment and order are affirmed.

Gould, J., *pro tem.*, concurred.

Wood, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 16, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936. Seawell, J., and Langdon, J., voted for a hearing.